FILED

NOT FOR PUBLICATION

MAY 23 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY JAMES MILLIRON,

Defendant - Appellant.

No. 13-30102

D.C. No. 6:12-cr-00006-CCL-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted May 14, 2014
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and BERZON, Circuit Judges.

Jeffrey James Milliron appeals the sentence imposed by the district court

following his guilty plea to violation of 18 U.S.C. §§ 1001(a)(1) and (2) by lying to

the Social Security Administration (SSA) about his marital status. Milliron

maintains that the district court clearly erred when it found that the government

        [*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

met its burden to demonstrate by a preponderance of the evidence that it lost $33,318 as a result of his lie. We agree.

The evidence offered by the government before the district court was not sufficient to demonstrate that the couple had resources in excess of $3,000 in any given month during the relevant time period. The government relied on SSA agents' testimony regarding the value of the vehicles that Milliron purportedly owned and the money in his wife's bank account. This evidence was insufficient for several reasons.

First, the evidence did not establish that Milliron owned all of the vehicles for each of the fifty-one months at issue. The government relied on three sources of information regarding the vehicles: Department of Motor Vehicles information obtained in 2011; Milliron's probation reports; and Milliron's own 2011 Supplemental Security Income (SSI) application. The Ford appeared on the SSI application only, and there is no evidence that Milliron owned it before the date of that application. Similarly, the Jeep appeared only on some of the probation reports during the relevant time period, and even for those months, that information did not show it was his asset – the requirement was to report the vehicles at his residence, even if he did not own them. And the DMV information revealed that the registration for some vehicles expired partway through the

2

relevant time period. In short, as the SSA agent testified, the evidence in the record showed that vehicles would "drop on and drop off," not that Milliron continually owned all of them for the entire time period. That fact was also supported by the sworn testimony of a United States Fish and Wildlife Service officer who knew Milliron for the relevant period and testified that although Milliron has owned multiple cars "over the years," he has "never" owned "more than two or three at a time."[1]

The evidence in the record regarding the value of the vehicles is also deficient. The SSA agents testified to values for the individual vehicles, and also to a total value for the vehicles that is impossible to reach by adding any combination of the individual values. This inconsistency undermined the usefulness of the testimony of the agents regarding the value of the individual cars.

In addition, the government is incorrect in its argument that any deficiency in its proof of the value of the cars can be made up by its showing of the value of the money in Milliron's wife's bank account. The SSA agents testified only that "there were 15 months where she had substantial financial resources," between

---

[1] With his sentencing memorandum, Milliron also provided the district court with a Hearing Officer's decision in an administrative proceeding that resulted in a finding that Milliron's wife was not overpaid federal Supplemental Nutritional Assistance Program (SNAP) benefits for an overlapping time period. That Hearing Officer found that Milliron owned two vehicles.

3

$700 and $1382.75 in her bank account. The record does not show that her bank balances for any other months during the relevant time period, and, indeed, one agent affirmatively acknowledged that "the bank account balances" were in "some months lower."

More generally, the government's so-called "snapshot" approach to proving its loss is insufficient. The government's theory of loss is that it paid Milliron's wife monthly benefits to which she was not entitled because the couple was above the monthly resource threshold. The government has a duty to prove this loss for each month. It cannot meet this burden for the entire time period by showing that the couple had excessive resources for some of that period and then assuming, without support, that their resources were consistent for the duration. Instead, it must submit sufficient evidence of the couple's resources for each month in the relevant period to count the benefit payment for that month toward the restitution amount.

**VACATED AND REMANDED.**